UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN DOE, JANE DOE, and HILLEL MILLER, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

NBT BANK, N.A. and NBT BANCORP INC.,

Defendants.
-------------------------------------------------------------------X

Case No.: 3:26-CV-2402 (AJB/ML)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF PLAINTIFFS JOHN DOE AND JANE DOE FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

**JOHANNESEN & UMANA, P.C.**
*Attorneys for Plaintiffs and the Proposed Class*
68 Jay Street, Suite 225
Brooklyn, New York 11201
(917) 757-2244
luisumana@esjlaw.info

Luis A. Umana, Esq.
*Partner*

## TABLE OF CONTENTS


**Page**

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

BACKGROUND ..... 1

ARGUMENT ..... 2

I. THE STANDARD ..... 2

II. THE SEALED PLAINTIFF FACTORS FAVOR ANONYMITY ..... 3

A. This Action Concerns Matters of the Most Sensitive and Personal Nature (Factor 1) ..... 3

B. Public Identification Would Cause John Doe and Jane Doe Serious Harm (Factors 2 and 3) ..... 4

C. John Doe and Jane Doe Were Children When the Conduct Occurred (Factor 4) ..... 4

D. The Claims Rest on an Institution's Conduct, and Defendants Suffer No Prejudice (Factors 5 and 6) ..... 5

E. John Doe and Jane Doe Have Kept Their Identities Confidential (Factor 7) ..... 5

F. The Public Interest Is Fully Served Without Their Names (Factors 8 and 9) ..... 5

G. No Less Restrictive Alternative Would Protect Them (Factor 10) ..... 6

III. PSEUDONYMOUS CLASS REPRESENTATIVES ARE APPROPRIATE IN A CASE OF THIS KIND ..... 6

CONCLUSION ..... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387 (S.D.N.Y. 2023)........................6

*Doe v. Bank of Am., N.A.*, 819 F. Supp. 3d 314 (S.D.N.Y. 2026) ..................................................6

*Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006) ..........................................................................4

*Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401 (S.D.N.Y. 2019) .......................................4

*Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999)..........................................................................4

*Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006) ...............................................................3, 6

*Rapp v. Fowler*, 537 F. Supp. 3d 521 (S.D.N.Y. 2021)...................................................................3

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008).............................................1, 2

**Statutes and Rules**

Fed. R. Civ. P. 10(a) ..........................................................................................................................2

## PRELIMINARY STATEMENT

Plaintiffs John Doe and Jane Doe were children when they were held at the Family Foundation School in Hancock, New York (the "School"). Each was strip searched on admission, put to the School's unpaid labor, and held under the sexualized regime the Complaint describes, at a school one of whose teachers was convicted in this District in 2025 of enticing and transporting children to travel for sexual activity. (Compl. ¶¶ 14-15, 117-19, 189-207, 233.) With Plaintiff Hillel Miller, who proceeds under his own name, they bring this action individually and on behalf of a class of the School's former students against the bank that held the School's accounts and took security in the campus the children built.

John Doe and Jane Doe ask leave to litigate under the pseudonyms by which the Complaint identifies them. Their true names have been submitted to the Court under seal, and they will be disclosed to Defendants under a protective order. The relief requested protects two survivors of the sexual abuse of children from being publicly and permanently identified with it, and it takes nothing from Defendants' ability to defend this action or from the public's ability to follow it. The factors the Second Circuit set out in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), favor anonymity here, and none of them favors disclosure.

## BACKGROUND

This is a class action under the Trafficking Victims Protection Act, the Racketeer Influenced and Corrupt Organizations Act, and New York law against NBT Bank, N.A. and NBT Bancorp Inc. (together, "NBT"). The Complaint alleges that NBT knowingly benefited from its participation in a venture that held the School's children in forced labor and involuntary servitude and subjected them to sexual acts, and that NBT obstructed the federal enforcement effort that followed. (Compl. ¶¶ 319-29.)

Jane Doe was taken to the School as a minor and held there from June 1998 to June 2000. (Compl. ¶¶ 15, 309.) John Doe was sent to the School as a minor and held there for approximately nine months in 2010 and 2011. (Compl. ¶¶ 14, 313.) Each was subjected to the School's intake strip search, which the Complaint alleges was imposed on every child as a condition of admission. (Compl. ¶¶ 14-15, 117.) The Complaint further alleges that the School photographed children after the search, in its earlier years while they were unclothed; compelled children to describe their sexual histories, including whether and how they masturbated, before adults and other children; and left children in the charge of staff members who sexually abused them. (Compl. ¶¶ 119, 193-94, 198-99.)

Neither John Doe nor Jane Doe has publicly identified himself or herself as a plaintiff in this action. Their true names, and other information bearing on their identities, can submitted to the Court under seal.

## ARGUMENT

### I. THE STANDARD

Rule 10(a) of the Federal Rules of Civil Procedure requires that the title of a complaint name all the parties, a requirement that serves the public's interest in scrutinizing judicial proceedings. *Sealed Plaintiff*, 537 F.3d at 188-89. A court may nonetheless permit a plaintiff to proceed under a pseudonym where the plaintiff's interest in anonymity outweighs both the public interest in disclosure and any prejudice to the defendant. *Id.* at 189. In striking that balance, courts consider a non-exhaustive list of ten factors: (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the plaintiff or to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly

vulnerable to the possible harms of disclosure, particularly in light of the plaintiff's age; (5) whether the suit challenges the actions of the government or of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to proceed anonymously; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the plaintiff's confidentiality. *Id.* at 189-90.

## II. THE SEALED PLAINTIFF FACTORS FAVOR ANONYMITY

### A. This Action Concerns Matters of the Most Sensitive and Personal Nature (Factor 1)

Allegations of sexual abuse are among the clearest examples of matters that are highly sensitive and personal. Sexual assault victims are a "paradigmatic example" of litigants entitled to anonymity. *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). Allegations of the sexual abuse of minors "typically weigh significantly in favor of a plaintiff's interest" in proceeding under a pseudonym. *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (citing *Kolko*, 242 F.R.D. at 195).

John Doe and Jane Doe allege that, as children, they were stripped and searched by adults on their admission to the School, and that they lived under a regime that compelled children to describe their sexual lives before adults and other children and exposed them to staff members who sexually abused children. (Compl. ¶¶ 14-15, 117, 193-94, 198.) Those allegations concern the most intimate matters a litigant can be asked to place on a public docket. Plaintiffs recognize that allegations of sexual assault are not, by themselves, sufficient to warrant anonymity, *Rapp*, 537 F.

Supp. 3d at 528 (quoting *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019)), and they do not rest on this factor alone. The remaining factors point the same way.

### B. Public Identification Would Cause John Doe and Jane Doe Serious Harm (Factors 2 and 3)

The harm that counts under the second and third factors may be psychological as well as physical. *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006). Public identification would permanently attach John Doe's and Jane Doe's names to the account of what was done to them as children: the search of their unclothed bodies on arrival, the regime that followed, and the sexual abuse of the children around them. The litigation arising from the School has drawn, and will continue to draw, public attention, and the record in this action will be searchable by name for as long as it exists. For survivors of the sexual abuse of children, that exposure carries a real risk of renewed psychological injury, and it would follow John Doe and Jane Doe into their professional and personal lives in a way that no later order could undo.

Should the Court wish to have a fuller record on these factors, John Doe and Jane Doe are prepared to submit declarations under seal describing the harm that public identification would cause them. *See Doe v. Smith*, 105 F. Supp. 2d 40, 43-44 (E.D.N.Y. 1999).

### C. John Doe and Jane Doe Were Children When the Conduct Occurred (Factor 4)

The fourth factor asks whether the plaintiff is particularly vulnerable to the harms of disclosure in light of the plaintiff's age. John Doe and Jane Doe were minors when they were held at the School; Jane Doe was sixteen years old when she was taken there. (Compl. ¶¶ 14-15, 309.) The vulnerability the Complaint describes is the vulnerability of children held in custody far from home, and the harm of disclosure flows from what was done to them while they were children.

**D. The Claims Rest on an Institution's Conduct, and Defendants Suffer No Prejudice (Factors 5 and 6)**

This action is brought against private parties, but it does not accuse any individual defendant of personally abusing John Doe or Jane Doe while their accusers remain unnamed. It challenges the conduct of a bank and its holding company: the accounts NBT held, the credit it extended, the security it took in the campus, and what it did and did not do after the School's teacher was indicted. (Compl. ¶¶ 319-29.) The reputational concern that sometimes weighs against anonymity in suits against private individuals has little force here.

Nor will Defendants be prejudiced. Plaintiffs will disclose their true names to Defendants' counsel upon the entry of a protective order, and Defendants will be able to take discovery from them, including by deposition, exactly as they could if the caption bore their names. NBT's defense will turn on its own records and its own conduct, which are the same for every member of the Class, not on the public use of two class representatives' names.

**E. John Doe and Jane Doe Have Kept Their Identities Confidential (Factor 7)**

Neither John Doe nor Jane Doe has publicly identified himself or herself as a plaintiff in this action, and both have taken care that their participation remain confidential. Their true names can be provided to the Court only under seal.

**F. The Public Interest Is Fully Served Without Their Names (Factors 8 and 9)**

The public's interest in this action lies in what NBT knew, what it did, and what it received, and every part of that will be litigated in public. The common questions on which this class action turns concern NBT's uniform conduct toward one customer and one campus; the names of two of the class representatives add nothing to the public's understanding of them. The public interest also favors protecting survivors of sexual abuse from public identification, so that other survivors

are not deterred from coming forward. *See Kolko*, 242 F.R.D. at 195. That interest is especially strong in a class action brought on behalf of hundreds of former students of the same School.

### G. No Less Restrictive Alternative Would Protect Them (Factor 10)

No alternative short of pseudonymity would protect John Doe and Jane Doe. The Complaint describes their experiences at the School in detail, so that redaction of particular passages could not prevent identification once their names were public. The procedure Plaintiffs propose, under which their names are disclosed to the Court under seal and to Defendants under a protective order, is the least restrictive means of protecting them while leaving the case open to public scrutiny.

## III. PSEUDONYMOUS CLASS REPRESENTATIVES ARE APPROPRIATE IN A CASE OF THIS KIND

Survivors of sexual trafficking have represented putative classes under pseudonyms in actions brought against banks on materially similar theories. *See, e.g.*, *Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387 (S.D.N.Y. 2023); *Doe v. Bank of Am., N.A.*, 819 F. Supp. 3d 314 (S.D.N.Y. 2026) (describing "putative class actions" brought by "pseudonymous plaintiffs"). Anonymity here does not impair the Court's ability to assess the adequacy and typicality of the class representatives: the Court has their identities under seal, Defendants will have them under a protective order, and Plaintiff Hillel Miller proceeds in his own name.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant John Doe and Jane Doe leave to proceed in this action under pseudonyms, direct that their true names be disclosed to Defendants' counsel upon entry of a protective order, direct that all parties refer to them by their pseudonyms in public filings, and grant such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
November 20, 2026

**JOHANNESEN & UMANA, P.C.**
*Attorneys for Plaintiffs and the Proposed Class*

By: ________________________________
Luis A. Umana, Esq.
*Partner*
68 Jay Street, Suite 225
Brooklyn, New York 11201
(917) 757-2244
luisumana@esjlaw.info